**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0728-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JESUS ATURO COLON,

     Defendant-Appellant.

_____

Submitted September 20, 2021 – Decided January 6, 2022

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 06-11-1099.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the briefs).

William A. Daniel, Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This matter returns to us after remand. Defendant Jesus Arturo Colon appeals from a September 11, 2019 order denying his petition for post-conviction relief (PCR). This is defendant's third appeal from a denial of his PCR petition. See State v. Colon, No. A-1217-17 (App. Div. Dec. 24, 2018) (December 2018 opinion) and State v. Colon, No. A-5125-12 (App. Div. Nov. 4, 2015) (November 2015 opinion). Because the court did not address sufficiently the issues we outlined in our December 2018 opinion, we are constrained to reverse the September 11, 2019 order and remand the matter for the court to make necessary factual findings as directed in our December 2018 mandate.

I.

In our previous opinions, we recited the lengthy factual and procedural history which we restate here for ease of reference and to provide context for our decision. A Union County grand jury charged defendant with second-degree eluding a law enforcement officer, N.J.S.A. 2C:29-2(b) (count one); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(6) (count two); and third-degree joyriding, N.J.S.A. 2C:20-10(c) (count three). The trial court granted the State's motion to dismiss count three, and the matter proceeded to trial on the remaining two counts.

At trial, the State presented evidence that shortly after midnight on September 1, 2006, Officer Paolo Fidalgo and another officer of the Elizabeth Police Department were on patrol in the City of Elizabeth in a marked police vehicle. The officers stopped at an intersection and observed a motor vehicle cross the intersection at a high rate of speed. Fidalgo said the driver was possibly a "Hispanic male with facial hair."

Fidalgo and his partner pursued the vehicle and activated the lights on their patrol vehicle. Fidalgo estimated the vehicle had been traveling at over fifty miles per hour in a zone allowing vehicles to travel thirty-five miles per hour. After running a red light, the driver of the speeding car apparently lost control and the car went into a ditch.

Fidalgo and his partner exited their police vehicle and noticed smoke or fire coming from beneath the disabled vehicle. Fidalgo stated that there were three persons in the vehicle.

Fidalgo identified defendant as the person who had been in the driver's seat and stated that defendant was the only occupant who had facial hair. When the officers observed defendant after the accident he was over the area between the driver's seat and the passenger's seat and his legs were in the driver's seat.

A-0728-19

Luis Benitez was a passenger in the car, and he testified on defendant's behalf. Benitez stated that he had known defendant since they were "kids," and he described his relationship to defendant as being "like family." Benitez said defendant was not driving the car during the chase. Instead, Benitez testified that a juvenile, whose name he did not know, was driving. Benitez stated he was in the rear seat, behind the driver, and defendant was on the passenger side. Benitez said the juvenile drove through the red light as the police chased them.

The jury found defendant guilty on both counts. The trial judge sentenced defendant on count two (aggravated assault) to ten years of incarceration, with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2 and imposed a concurrent, ten-year term on count one (eluding).

Defendant appealed and we affirmed his conviction. State v. Colon, No. A-6370-06 (App. Div. Apr. 14, 2009). Defendant thereafter filed a pro se PCR petition in which he alleged he was denied the effective assistance of counsel, and that the trial court erred in its assessment of the aggravating and mitigating factors at sentencing. The PCR court appointed counsel to represent defendant, and PCR counsel filed a brief arguing that trial counsel was deficient because he failed to properly investigate and prepare the case.

PCR counsel asserted that after the petition was filed, Jose Rentas,[1] the then-juvenile involved in the incident, had been contacted. Rentas said he had been driving the car during the police chase, and defendant was a passenger in the car. PCR counsel asserted that defendant's trial attorney did not contact Rentas.

PCR counsel claimed that immediately after Rentas exited the car, he told the officers he had been driving the car. Counsel asserted that Rentas would have testified at trial that he was the driver of the vehicle involved in the incident, but defendant's trial counsel never asked him to testify.

In support of his petition, PCR counsel also submitted a memorandum from Sergeant Deborah Baum to an assistant prosecutor in which Baum stated that on November 21, 2006, she was assigned to take a statement from Rentas regarding the matter. Rentas was seventeen years old at that time, and he said he wanted his mother to be present for the interview. Rentas told Baum he was driving the car involved in the September 1, 2006 chase.

Baum brought Rentas's mother into the interview room with Rentas. Baum explained that Rentas would be providing a videotaped statement and she

---

[1] Rentas is now an adult.

A-0728-19

advised Rentas of his <u>Miranda</u>[2] rights. Rentas told Baum he wanted an attorney, and Baum terminated the interview.

Rentas's mother inquired as to how she could contact a public defender. She asked Baum if her son could return and give a statement after he spoke with an attorney which Baum replied was possible. Rentas's mother also asked if her son could be charged if he admitted committing an offense. Baum told her that anyone who gave a statement in which he admitted committing an offense could be charged.

The PCR judge heard oral argument and placed his decision on the record. The judge found that defendant's claim of ineffective assistance was not barred by <u>Rule</u> 3:22-4, but defendant had not presented a prima facie claim of ineffective assistance under the two-part test detailed in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984),[3] and an evidentiary hearing was not required. The judge found that defense counsel's investigation and strategic decisions were not deficient.

---

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

[3] To establish a deprivation of a person's Sixth Amendment right to counsel, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. <u>Ibid.</u>; <u>see</u> <u>also</u> <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey).

The judge determined that defendant's attorney made "an informed decision" not to call Rentas as a witness at trial, and once that decision was made, there was little to be gained by interviewing Rentas. The judge noted that defense counsel could introduce Rentas's off-the-record statements through other evidence and witnesses in a manner that would be more credible.

The PCR judge also surmised that defense counsel could reasonably have decided it was highly unlikely Rentas would testify at trial because, while he made a statement to the police concerning the incident, he refused to provide a videotaped statement inculpating himself. The judge noted that defense counsel could have presented Rentas's statement through Fidalgo's testimony.

In addition, the judge found that defendant had not shown he was prejudiced by counsel's failure to interview or call Rentas as a witness. The judge stated that defendant had merely shown that counsel's alleged errors had "some conceivable effect on the trial." The judge found there was no guarantee Rentas would have waived his Fifth Amendment right against self-incrimination and testify at trial. The judge determined that defendant had not shown a reasonable probability the result would have been different if Rentas had been called as a witness.

A-0728-19

Defendant appealed and we reversed the order denying PCR in our November 2015 opinion. State v. Colon, No. A-5125-12 (App. Div. Nov. 4, 2015) (slip op. at 13). We held that the PCR judge erred by resolving defendant's claim of ineffective assistance of counsel without conducting an evidentiary hearing. Id. at 10. We noted that there was no evidence to support the judge's finding that defendant's trial attorney made a strategic decision not to call Rentas as a witness at trial. Ibid. We stated that we could not discern whether counsel made a specific strategic decision that Rentas would not testify, and if he did, the basis for that decision. Ibid.

We also explained that the PCR judge had assumed it was unlikely that Rentas would inculpate himself at trial. Ibid. We pointed out, however, that in an affidavit submitted to the PCR court, defendant's PCR counsel asserted that he had spoken with Rentas and Rentas told him he was the driver of the car involved in the chase and he would have testified to that fact if he had been called as a witness at trial. Id. at 11.

We observed that if that statement is correct, it would "cast an entirely different light" on counsel's decision not to call or interview Rentas before trial. Ibid. We stated, "[i]f credible, Rentas's statement suggests that counsel's

decision may have fallen outside the wide range of reasonably competent counsel." Ibid.

We also noted that testimony by defendant's trial attorney and Rentas may warrant reconsideration of the PCR court's finding that it was not reasonably probable the result of the trial could have been different if Rentas had been called at trial and testified that he was the driver of the vehicle involved in the chase. Ibid. We stated that Benitez had testified at trial that a juvenile had been driving the car, but he did not know the juvenile's name. Ibid.

We also explained that the evidence showed that when Fidalgo approached the vehicle after the crash, he determined that defendant had been the driver. Ibid. Fidalgo observed defendant "crunched over" on the driver's side. Ibid. Benitez and the juvenile were outside the car. Ibid. On cross-examination, however, Fidalgo conceded that the juvenile, whom he identified, was a suspect. Id. at 12.

We stated that Fidalgo did not testify that Rentas admitted he had been driving the car at the time of the incident. Ibid. We noted, however that Fidalgo testified before the grand jury that Rentas claimed he was the driver, and Benitez testified at trial that a juvenile had been driving the car at the time of the chase. Ibid.

A-0728-19

We concluded that based on this record, we could not determine "that it was not reasonably probable the result of the trial would have been different if Rentas had testified he was the driver." Ibid. We reasoned that the testimony of defense counsel and Rentas were "critical to resolving" the claim of ineffective assistance of counsel and remanded the matter to the PCR court for an evidentiary hearing on this claim. Ibid.

We also noted that defendant had raised other issues in his pro se petition. Ibid. He claimed his trial attorney was ineffective because he failed to: (1) make a timely objection to the prosecutor's remarks; (2) object to the jury charge; (3) object or ask the judge to charge the jury on his decision not to testify; (4) object to the trial court's supplemental instruction; (5) object to the trial court's instruction that one of Benitez's statements was hearsay; and (6) interview other potential witnesses. Id. at 12-13. Defendant also had claimed that the trial court erred at sentencing in its assessment of the aggravating and mitigating factors. Id. at 13.

We observed that the PCR court had not addressed these claims. Ibid. We stated that on remand, the PCR court should determine whether the claims were barred by Rule 3:22-4 or Rule 3:22-5 and the merits of the claims not subject to those procedural bars. Ibid.

A-0728-19

III.

On remand, the PCR court conducted the evidentiary hearing as we directed on May 26, 2017. Defendant's trial attorney testified. He stated that he is a sole practitioner, with a general practice, and has been a criminal defense attorney since 1990, having handled hundreds of cases. Counsel stated that he did not recognize defendant or recollect representing him.

Counsel testified generally regarding his practices and procedures in which he handles a criminal case. He stated that generally, he reviews all of the discovery and investigates and considers any reasonable, viable defense. He said that if an exculpatory witness is brought to his attention, he customarily would investigate, attempt to get the witness to provide a statement, and call the witness to testify at trial, if warranted.

Defendant also testified. He stated that he retained his trial counsel to represent him in the case and spoke to him several times regarding the charges. He said Rentas was the driver of the car during the police chase on September 1, 2006. Defendant testified that Rentas's sister is the mother of defendant's daughter. He brought Rentas to his attorney's office and asked him to interview Rentas.

11

According to defendant, his attorney told him not to bring Rentas to his office again. Defendant stated that his attorney advised him to proceed in that manner because Rentas was a juvenile, and defendant could face additional charges due to Rentas's involvement in the incident. On cross-examination, defendant stated that Rentas attended his trial, but conceded Rentas never stated in open court that he was the person who had been driving the car during the police chase.

Defendant's PCR counsel informed the PCR court that he had tried to contact Rentas to secure his appearance at the remand hearing. Counsel represented that he sent letters to Rentas, but they were returned, with no forwarding address. He said he spoke with defendant's sister, and she reached out to friends and relatives, but they were not able to locate Rentas in the City of Elizabeth.

Defendant, however, told the court that he still has contact with Rentas's sister. PCR counsel stated he had not spoken with Rentas's sister. He said that until the day of the hearing, he did not know she was the mother of defendant's child.

In an order and accompanying letter opinion, the PCR judge again denied defendant's petition. The judge found defendant's trial attorney was "a very

credible witness." Although the attorney did not specifically recall representing defendant, he had testified "confidently" about his methods of preparation for handling criminal cases. The judge was convinced that if defendant had produced an exculpatory witness, counsel would have thoroughly investigated and made efforts to have the witness testify at trial. The PCR judge made this finding despite the statement Rentas gave to Baum and PCR counsel.

The judge found that defendant's testimony was not credible. He noted that in our November 2015 opinion we stated that defense counsel's testimony was critical to resolving the defendant's claim of ineffective assistance of counsel. The judge stated that Rentas's testimony is "clearly even more critical." He wrote that "[w]ithout [Rentas's] testimony there simply is no way of determining that [defendant's] version of the events surrounding the offense, trial preparation and the trial is true."

The judge further explained that even if it is true that Rentas told law enforcement authorities that he was the driver of the car, he is "obviously not now available to [defendant] and perhaps unwilling to testify and incriminate himself." The judge seemingly reached the conclusion — again despite Rentas's prior statements to Baum, defendant's PCR counsel, and allegedly police at the

scene of the accident — because Rentas left the interview with Baum when he was told he could be charged with an offense.

The judge found that defendant had not established he was denied the effective assistance of counsel due to his attorney's failure to call Rentas as a witness at trial. The judge also found that defendant's other claims were barred by <u>Rule</u> 3:22-4 because they could reasonably have been raised in his direct appeal. The judge entered a conforming order dated June 23, 2017, denying PCR.

## IV.

Defendant appealed and argued again that his trial attorney was deficient in failing to call Rentas as a trial witness. He asserted that at trial, Rentas would not have been able to invoke his Fifth Amendment right against self-incrimination because he had already waived it. Defendant further argued that his trial counsel could have proffered Rentas's inculpatory statement, in which he admitted driving the vehicle during the September 1, 2006 police chase, by calling Baum as a witness. Defendant contended Rentas's statement is hearsay but admissible under N.J.R.E. 803(c)(25) as a statement against interest.

Defendant also maintained that he established he was prejudiced by counsel's failure to call Rentas as a witness or present his inculpatory statement

at trial. He contended the jury rejected Benitez's testimony that a juvenile was driving the car at the time of the chase. He noted that the prosecutor elicited testimony that Benitez was defendant's friend and had an interest in exonerating him. He argued the jury would probably have accepted Rentas's testimony because he had nothing to gain and could face criminal charges based on his admission.

In our December 2018 opinion, we reversed the June 23, 2017 order denying PCR and remanded the matter again for further proceedings. State v. Colon, No. A-1217-17 (App. Div. Dec. 24, 2018) (slip op. at 19). We explained that the record was insufficient to resolve defendant's claim that he was denied effective assistance of counsel because his attorney did not call Rentas as a witness at trial or introduce his inculpatory statements through other witnesses. Id. at 15. We also determined that the PCR court failed to address specifically some of the key legal issues that defendant raised on appeal. Ibid.

We stressed that Rentas's testimony was critical in resolving defendant's claim of ineffective assistance of counsel. Id. at 16. Rentas did not, however, appear to testify at the evidentiary hearing. Ibid. Since defendant was asserting a claim of ineffective assistance of counsel, and because he claimed Rentas was willing to testify that he was driving the car during the incident, defendant had

15

the burden of producing Rentas or show that he made a reasonable effort to locate him and compel his appearance.  Ibid.

At the evidentiary hearing, PCR counsel represented to the court that he wrote to Rentas, but his letters were returned, without any forwarding address. Ibid.  PCR counsel also represented that he spoke with defendant's sister, and she reached out to friends and family members to try to locate Rentas in Elizabeth, to no avail.  Ibid.  We expressed reservations regarding these representations as PCR counsel failed to establish, or even represent to the court, that he made any effort to locate Rentas in any place other than the City of Elizabeth.  Ibid.  Moreover, we observed that defendant told the court that he had been in contact with Rentas's sister, who is the mother of defendant's child, a not insignificant fact in light of PCR counsel's concession that he did not contact Rentas's sister.

In light of these concerns, we directed that on remand PCR counsel should make further efforts to locate Rentas and secure his testimony.  Ibid.  We provided specific guidance in this regard stating that PCR counsel's efforts should not be limited to locating Rentas in the City of Elizabeth.  Ibid.  First, we stated, "[a]t the very least, PCR counsel should contact Rentas's sister and endeavor to determine where Rentas could be found."  Ibid.  "If counsel [was]

16

unable to locate and have Rentas appear, PCR counsel should provide the PCR court with an affidavit or certification detailing his efforts to locate and secure Rentas's testimony." Id. at 16-17.

Second, we instructed that if Rentas failed to testify at the remand proceeding, the PCR court should nevertheless reconsider its decision denying PCR. Id. at 17. We gave this instruction inasmuch as defendant argued that Rentas waived his right to assert his right against self-incrimination when he spoke with Baum and told her he was driving the car when the police were chasing them. Ibid.

Further, we observed that the record established that Fidalgo informed the grand jury that Rentas told Baum he had been driving the car. Ibid. Thus, we directed as a third item that the "PCR court . . . determine whether Rentas waived his right against self-incrimination and could have been compelled to testify that he was driving the car during the September 1, 2006 incident." Ibid.

Fourth, we instructed the PCR court to "address defendant's contention that his trial attorney was deficient in failing to introduce the statement that Rentas made to Baum where he admitted he was driving the car during the chase. Rentas also told Fidalgo he was the driver." Ibid. We required this additional

fact finding because defendant argued that Rentas's statements constituted admissible hearsay under N.J.R.E. 803(c)(25). Ibid.

Fifth, we directed the PCR court to reconsider whether defendant was prejudiced by counsel's failure to call Rentas as a witness or have his statement introduced at trial through other witnesses. Id. at 18. Defendant noted that Benitez testified that a juvenile was driving the car at the time of the chase, but there were reasons why the jury might not have credited his testimony. Ibid.

Finally, we instructed the PCR court, after addressing the aforementioned concerns, to reconsider if defendant established that it was reasonably probable the jury would have reached a different decision if Rentas had testified or his statement was introduced as evidence and whether it was reasonably probable the jury still would have found Fidalgo's identification of defendant as the driver credible. Ibid. We also rejected any challenges to the court's remaining rulings as waived due to defendant's failure to preserve those arguments. Ibid.

V.

On further remand, the court scheduled proceedings for May 28, 2019 and May 29, 2019 to address the issues we raised in our December 2018 opinion. At the May 28th proceeding, PCR counsel informed the court of three significant events.

18

First, PCR counsel stated that he was able to locate Rentas and serve him with a subpoena directing his appearance in court that day. Second, PCR counsel's investigator was also able to secure an unnotarized "certification" from Rentas that purportedly stated he was "not able to provide any information at this time" because "it was a long time ago and what memories I have are hazy to begin with." Rentas purportedly admitted having had some health problems, which required him to be placed on different medications that "affect my day-to-day awareness and my memories and so I'm not able to say anything that I could be sure was true." For reasons not explained by the parties, a copy of Rentas's "certification" was not marked as an exhibit at the proceeding, nor included in the record on this appeal.

Third, PCR counsel stated he spoke with Rentas regarding his certification, advised him of the court date and location, and Rentas purportedly stated that he had medical appointments but if he had a problem appearing he would contact counsel. PCR counsel informed the court that he had not heard from him despite attempts to confirm his appearance.

After Rentas failed to appear, the court, with the parties' consent, adjourned the hearing to the next day to allow PCR counsel a further opportunity to contact Rentas to secure his appearance. Before doing so, the court

19

commented on the remaining issues raised in our December 2018 opinion. In this regard, when the State suggested the parties brief the issues in the event Rentas failed to appear, the court noted at one point that it did not "quite understand" our directions and concluded that "unless Rentas shows up and testifies specifically about being the driver and saying that he would have testified, there[] [was] nothing for [the court] to reconsider." The court further explained that because the "jury rejected the notion that someone else was driving, based upon two other witnesses testifying at trial, . . . I find that it would not have been probable to believe that the jury would have reached a different decision."

When the court reconvened on May 29th, Rentas again failed to appear. PCR counsel confirmed he had served him with a subpoena, and that he went to two addresses for Rentas, the last being his mother's home where Rentas met with PCR counsel's investigator. PCR counsel reported that as no one responded when he rang the doorbell, he left his card and attempted to telephone Rentas, to no avail.

Based on these efforts, PCR counsel concluded "I think it's safe to say that . . . Rentas doesn't want to be here," with the court noting in light of his certification, it was "not convinced that it would make that much of a

difference." The court determined it was satisfied with PCR counsel's efforts and found no basis to reconsider its earlier denial of defendant's PCR petition.

With respect to our explicit instruction that the court consider trial counsel's failure to introduce Rentas's prior statements, the court concluded it "already addressed that issue, if not in [its] first decision, certainly in [its] second decision after [trial counsel's] testimony." The court also concluded it was not required to address our inquiry regarding N.J.R.E. 803(c)(25), as "that information was already brought out during the trial. That was . . . that issue was resolved, as far as I'm concerned."

The court issued an order on September 4, 2019 denying defendant's PCR petition along with an accompanying written opinion that largely mirrored the court's comments during the May 28 and 29, 2019 proceedings. In sum, the court determined Rentas's certification supported PCR counsel's belief that "Rentas would not be able to testify in a manner that would assist his client's petition for a new trial or at the trial itself."

Significantly, in the court's written decision, it added that Rentas certified that he "'had' some knowledge of the facts of defendant's 'original case' but does not 'remember the year for sure' . . . it occurred." The court rejected any claim that Rentas waived his right to self-incrimination based, assumedly, on the

content of his certification. Finally, the court determined defendant was not prejudiced by counsel's actions and inactions with respect to the failure to call Rentas or introduce his statements because the jury "previously heard testimony of Rentas['s] claim" and convicted defendant.

## VI.

This appeal followed in which defendant argues the State failed to rebut his prima facie case of ineffective assistance of counsel. Specifically, he asserts trial counsel failed to investigate his case and produce evidence that he was misidentified as the driver. He claims evidence of his misidentification could have been introduced by calling Rentas as a witness, who waived his Fifth Amendment right against self-incrimination, or Baum, who could testify about Rentas's confession because it is admissible hearsay as a statement against interest. Significantly, defendant asserts there is no evidence that trial counsel's failure to call Rentas and Baum as witnesses was a strategic decision, as he testified that he had no recollection of defendant's case. Finally, defendant asserts that on remand the PCR court summarily rejected his petition without addressing many of the issues identified by our December 2018 opinion.

Based on the PCR court's failure to conduct the remand proceedings consistent with our instructions, we are again unable to address in a meaningful

manner the merits of defendant's PCR petition, nor are we able to invoke our original jurisdiction to resolve the significant issues raised in this appeal. We accordingly are constrained to remand this matter yet again for appropriate fact finding.

We first address a significant procedural infirmity with the remand proceedings and the appellate record. The Rentas certification, heavily relied upon by the court in determining that Rentas's appearance was not required, was not marked or included in the trial or appellate record. See, e.g., Rules 1:2-3 and 2:6-1(a)(1). That document, based on the limited information we have, was not notarized nor can we discern if it contained an appropriate oath or affirmation. Instead, it appears to have been prepared by PCR counsel with the assistance of his unidentified investigator.

The precise contents of Rentas's certification, as characterized by the court, are also unclear. At various points in the proceedings, the court appeared to have been reading from the document, yet in its written statement of reasons, the court relied upon additional language not previously referenced. We ordinarily would not take issue with a document not in the record that appears to have been provided to the parties and relied upon by the court without objection, but the significance of the certification as affecting the remand issues,

23

and the weight the court gave to it, subjects it to greater scrutiny such that it should have been included in the trial and appellate record.

More importantly, the court determined that the certification obviated the need for Rentas's testimony. That is incorrect. We specifically, and clearly, stated the need for further exploration of Rentas's prior statements, which provided defendant with evidence of third-party guilt, so that counsel's decision not to call him at trial or introduce his prior statements — given that Rentas had thrice indicated that he, not defendant, was driving the vehicle — could be properly evaluated. See State v. Porter, 216 N.J. 343, 356 (2013) (finding that evaluating a witness's credibility based only on her affidavit was an "improper approach" and stating "There is no substitute for placing a witness on the stand and having the testimony scrutinized by an impartial factfinder.").

Further, Rentas's testimony is needed not only with regard to whether he was the driver, and admitted as such, but also whether he met with and was interviewed by trial counsel. That information, apparently not addressed by Rentas's certification, would be relevant to the issue whether counsel made a strategic choice not to call Rentas.

Instead, the trial court relied on an unnotarized statement of Rentas that, as described in this appeal, vaguely indicated that he had memory and undefined

medical issues, and apparently excused his appearance based on PCR counsel's inability to reach him on May 29, 2019. What we cannot discern from the record, however, is why the court, and counsel, simply did not enforce the duly served subpoena or make an attempt to do so, given that he knew of Rentas's recent location, having had served him with a subpoena.

The court also failed to address any of the remaining issues raised in our December 2018 opinion in an adequate fashion. That Rentas indicated his desire not to testify, and had certain medical issues and memory lapses, did not obviate the need for his testimony, or for the court to address the admissibility of his prior statements as affecting defendant's PCR petition.[4]

We accordingly conclude further proceedings are warranted under the circumstances to develop the record more fully concerning the third-party guilt evidence. As the Supreme Court recently explained, "a failure to present available evidence to support an obvious defense will not be characterized as reasonable trial strategy." State v. Hannah, 248 N.J. 148, 180 (2021) (granting PCR where trial counsel failed to introduce evidence of third-party guilt); see

---

[4] Without resolving it here, we also note that it is conceivable that Rentas's police statement could be used to refresh his recollection or as a prior inconsistent or consistent statement admissible under N.J.R.E. 803(a)(1) or 803(a)(2).

also Porter, 216 N.J. at 357 ("Failure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction."); State v. Ways, 180 N.J. 171, 188 (2004) (noting that "evidence that supports a defense, such as alibi, third-party guilt, or a general denial of guilt would be material.").

We also note that defendant's trial counsel's testimony at the evidentiary hearing conducted as a result of our November 2015 opinion, stated only generally that he would have investigated, obtained a statement from, evaluated the credibility of, and, if appropriate, called to testify any exculpatory witness brought to his attention. Although the PCR court credited that testimony, neither trial counsel, nor the PCR court, ever addressed the fact that defendant's counsel was in possession of Rentas's statement to Baum, at a minimum, and never testified that he made a specific strategic decision not to call Rentas. In any event, on remand, the court may rely on trial counsel's previously sworn testimony in conducting its independent evaluation. We also cannot conclude on the present record, however, that the trial testimony of Benitez rendered Rentas's testimony immaterial under the prejudice prong of Strickland.

VII.

We also order that a different judge conduct the remand because the PCR court did not carry out our mandate and made determinations that appear to be

inconsistent with the existing record and without the benefit of information that we specifically anticipated the second remand would develop. In such circumstances, we have exercised our discretion to reassign a matter "to preserve the appearance of a fair and unprejudiced hearing." Steele v. Steele, 467 N.J. Super. 414, 445 (App. Div. 2021), certif. denied, 248 N.J. 235 (2021); see also Luedtke v. Shobert, 342 N.J. Super. 202, 219 (App. Div. 2001); Graziano v. Grant, 326 N.J. Super. 328, 350 (App. Div. 1999). We have noted that when, like here, a "trial court previously made credibility findings, [it may be] appropriate that the matter be assigned to a different trial court." R.L. v. Voytac, 199 N.J. 285, 306 (2009).

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION